UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERIAL LIMITED and MERIAL SAS, <br><br> Defendants. | Civil Action No.1:07-cv-00559 (HHK) |

**MERIAL LIMITED AND MERIAL SAS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION TO DISMISS INTERVET'S COMPLAINT**

**INTRODUCTION**

In its opposition to Merial Limited and Merial SAS' ("Merial's") Motion to Dismiss, Intervet places great emphasis on the fact that its declaratory judgment complaint was "first-filed." But Intervet studiously avoids any mention of the fact that it declined to serve its complaint on Merial even after Merial both requested service and agreed to waive formal service requirements. Intervet also ignores the fact that it would not tell Merial when, if ever, Intervet intended to serve its complaint. Also absent from Intervet's papers is the mention of any threat Intervet felt it was under with regard to U.S. Patent No. 7,192,594 ("the '594 patent") prior to filing its declaratory judgment complaint or acknowledgment of the fact that Intervet filed its complaint on the very same day the '594 patent issued. These key facts support Merial's Motion to Dismiss, and yet Intervet fails to address any of them.

Intervet's motivations behind its actions described above are obvious—Intervet rushed to this Court with its complaint in order to "file first" in an attempt to preclude Merial, the harmed

party, from ever being the plaintiff in an action over the '594 patent, to prevent Merial from litigating in its home forum, and to be in control of the pace of any litigation over the '594 patent.

The Declaratory Judgment Act was not designed to allow defendants to become plaintiffs and choose the forum for litigation.[1]  However, Intervet attempts to use the Act for just this purpose, despite being under no threat of litigation over the '594 patent.  Through its procedural fencing, Intervet seeks to position itself to slow the litigation over the '594 patent in much the same manner that it has slowed the litigation over U.S. Patent No. 6,368,601 (the '601 patent) in Case No. 1:06-cv-00658 pending before this Court.  Intervet's actions should not be rewarded, and this suit should not be allowed to proceed.

As discussed in Merial's original motion, it is well settled that this Court has broad discretion to decline jurisdiction over declaratory judgment actions and to control its own docket.[2]  Intervet's misuse of the Declaratory Judgment Act and procedural scheming provide the reasons why this Court *should* dismiss Intervet's complaint.  Despite its stretching and loose interpretations, Intervet simply does not have any law to support its position that its case should proceed instead of the infringement suit filed by Merial.

---

[1] Where a declaratory action is brought to preempt suit by the other party in another forum, the declaratory judgment plaintiff does not deserve the protection of the first-to-file rule.  *See Lewis v. Nat'l Football League*, 813 F. Supp. 1, 4 (D.D.C. 1992).  "A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing."  *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs. Inc.,* 16 F. App'x. 433, 437 (6th Cir. 2001).

[2] The Supreme Court has taken "great pains to emphasize the singular breadth of the district court's discretion to withhold declaratory judgment." *Jackson v. Culinary Sch. of Wash., Ltd.,* 59 F.3d 254, 256 (D.C. Cir. 1995) (referencing *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).

## ARGUMENT AND AUTHORITIES

A.     **The First-to-File Rule Does Not Apply.**

Intervet clings to the fact that it was "first-to-file" its complaint as the sole justification for why its action should proceed. But the overwhelming majority of case law—in fact, all case law with the exception of the one case (*SAS*) that Intervet cites—holds that the first-to-file rule applies when two essentially identical cases are filed in *different* federal courts. Indeed, since the purpose of the first-to-file rule is to promote comity between the district courts, there is no reason to apply the rule if the cases are filed in the same court. *See, e.g., Am. Bankers Life Assurance Co. of Fla. v. Overton,* 128 F. App'x. 399, 403 n.16 (5th Cir. 2005) (stating that the "first-to-file" rule is "'grounded in principles of comity,'" requiring federal courts of equal rank to avoid interfering with each other's affairs); *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004) (same). Even the case which Intervet cites to support its assertion that the first-to-file rule should apply when two nearly identical cases are in filed in a single court recognized that the application of the first-to-file rule to multiple cases pending in the same district court conflicts with precedent.[3] *See SAS Inst., Inc. v PracticingSmarter, Inc.*, 353 F. Supp. 2d 614, 617 (M.D.N.C. 2005) (stating that the first to file rule "has historically been applied in cases where two distinct federal courts have concurrent jurisdiction over actions embracing the same issue" and citing, as an example of existing precedent, *Nat'l Textiles, LLC v. Daugherty*, 250 F. Supp.

---

[3] Intervet cites *SAS* in the middle of its argument that the first-to-file rule should apply to two cases in the same court, asserting that *SAS* "analyzes this issue under Federal Circuit precedent." (Intervet Brief at 4). However, *SAS* cites Federal Circuit law—*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), not for analysis of the first-to-file rule under Federal Circuit case law, but rather only for the proposition that the sole fact that one suit is for a declaratory judgment does not affect the first-to-file rule. In fact, in *Genentech,* the two cases at issue were pending in two different forums. *Genentech* makes no mention of applying the first-to-file rule when two cases are pending in the same court.

2d 575, 580 n.1 (M.D.N.C. 2003), which states that the first to file rule "applies only to situations involving two federal courts"). Intervet's denial that the *SAS* case recognizes this precedent on page 4 of its brief is inexplicable.

Intervet's misrepresentation that Federal Circuit law holds that the first-to-file rule should apply to nearly identical cases filed in a single federal court further confuses the issues. The Federal Circuit applies its own law to matters of substantive patent law and procedural issues pertaining to patent law, but it applies regional circuit law to non-patent issues. *See Aero Prods. Int'l, Inc. v. Intex Recreation Corp*, 466 F.3d 1000, 1016 (Fed. Cir. 2006). This distinction is not important here, however, since both the Federal Circuit and the D.C. Circuit hold that the first-to-file rule applies when two suits are filed in *different* federal courts.[4] In addition, the D.C. Circuit has expressly warned against mechanical application of the first to file rule, including when equitable considerations favor adjudication of the later filed case. *Columbia Plaza Corp. v. Security Nat'l Bank,* 525 F.2d 620, 628 (D.C. Cir. 1975). Accordingly, for the reasons stated in Merial's original motion and above, Intervet's conduct demonstrates that even if the first-to-file rule *could* apply in this situation, it *should not* apply based on equitable considerations.

---

[4] *See Sawgrass Techs., Inc. v. Tex. Original Graphics*, *Inc.*, No. 06-1190, 2007 WL 634434, at *3 (Fed. Cir. Mar. 2, 2007) (stating that "the "first-to-file" rule proposes that when an action involving the same parties and issues has already been filed in a different federal district, the court may either transfer, stay, or dismiss the second suit)*; see also Genentech Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (stating that first-to-file rule in patent cases is applied to decide forum, which is obviously not at issue when two cases are in one forum); *Wash. Metro. Area Transit Auth. v. Ragonese,* 617 F.2d 828, 830 (D.C.Cir. 1980) (stating that "the first-filed rule provides that "['w]here two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first.'") *see also F.D.I.C. v. Bank of NY,* 479 F.Supp. 2d 1, 12 (D.D.C. 2007).

- 5 -

### B. Merial's Suit Was Not Filed in Violation of Rule 13(a).

Intervet's insistence that Merial has violated Fed. R. Civ. P. 13(a) by filing its complaint rather than asserting counterclaims in Intervet's suit is nonsense. Rule 13(a) provides in relevant part that "[a] pleading shall state as a counterclaim any claim which at the time of *serving* the pleading the pleader has against any opposing party. . ." (emphasis added.) Merial responded to Intervet's complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12 rather than a "responsive pleading." Motions to dismiss under Rule 12 are not "pleadings" under Fed. R. Civ. P. 7(a), and it is not at all uncommon for parties to move to dismiss complaints on any number of grounds without at the same time asserting compulsory counterclaims. Intervet's further assertion that Merial somehow violated the federal rules by failing to answer Intervet's complaint that *had not been served* is equally baseless. Answers to complaints must be "presented" only in response to "service" of a summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A). Thus, there is simply no basis for Intervet's assertions that Merial was required to respond to Intervet's complaint prior to twenty days following its service or to file compulsory counterclaims in response to it.

### CONCLUSION

For the reasons above and those stated in Merial's original motion, Merial requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 25th day of June, 2007.

/s/
ALSTON & BIRD, LLP
Timothy Ngau
DC Bar No. 339333
Jill M. Williamson
DC Bar No. 478469
950 F Street, NW
Washington, DC  20004
Phone: 202-756-3300
Fax: 202-756-3333


Judy Jarecki-Black, Ph.D.
Georgia Bar No. 801698
Merial Limited
3239 Satellite Blvd.
Duluth, GA  30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Thomas J. Kowalski
Steve Amundson
Vicki Franks
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel.: (212) 588-0800
Fax: (212) 588-0500

Frank G. Smith, III
Georgia Bar No. 657550
J. Patrick Elsevier, Ph.D.
Georgia Bar No. 246694
Elizabeth K. Haynes
Georgia Bar No. 413272
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

Counsel for Merial Limited and Merial SAS

- 7 -