UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET, INC.,<br>          Plaintiff,<br><br>     v.<br><br>MERIAL LIMITED and<br>MERIAL SAS,<br>          Defendants. | Civil Action 07-00559 (HHK) |
| MERIAL LIMITED and<br>MERIAL SAS,<br>          Plaintiffs,<br><br>     v.<br><br>INTERVET, INC.,<br>          Defendant. | Civil Action 07-00630  (HHK) |

**MEMORANDUM OPINION**

This matter is before the court on separate motions to dismiss in two parallel actions, which the court will consider together for the sake of expediency. In case No. 07-00559 ("559 case"), Intervet, Inc. is the plaintiff and Merial Ltd. and Merial SAS (collectively "Merial") are the defendants. In case No. 07-00630 ("630 case"), Merial is the plaintiff and Intervet is the defendant. Intervet has moved to dismiss the 630 case [#13] and Merial has moved to dismiss the 559 case [#5]. Upon consideration of the motions, the oppositions thereto, and the record of these cases, the court concludes that Intervet's motion must be granted and Merial's motion must be denied.

1

## I. BACKGROUND

On March 20, 2007, the '594 Patent was issued to Merial. On that day, Intervet filed – but did not serve – its complaint in the 559 case in which it asserts non-infringement and invalidity of the '594 Patent. On April 4, 2007, Merial filed its complaint in the 630 case in which it asserts Intervet infringed the '594 Patent.

Intervet and Merial have moved to dismiss each other's action. Intervet asserts that Merial's action should be dismissed under the first-to-file rule. Merial rejoins that the first-to-file rule is inapplicable because: (1) the actions were filed in the same district court and (2) Intervet engaged in improper gamesmanship and procedural fencing. Merial further contends that Intervet's action should be dismissed because, as the patentee, Merial is the proper plaintiff.[1] Intervet has the better argument.

## II. ANALYSIS

Intervet asserts that, because it filed its action two weeks before Merial did, Merial's action should be dismissed pursuant to the first-to-file rule. The first-to-file rule dictates that when two actions involving the same subject matter are pending, the first-filed action should proceed to the exclusion of the later-filed action. *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).[2]

---

[1] Merial implies that this court has absolute discretion to dismiss Intervet's suit solely because Intervet's suit is a declaratory judgment action. To the contrary, "the declaratory action is not a permissive action that may be heard or dismissed in absolute judicial discretion . . . [t]he exercise of discretion . . . must have a basis in sound reason." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 936 (Fed. Cir. 1993), *abrogated on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

[2] Because these actions involve claims of patent infringement, Federal Circuit law governs.

Merial rejoins that the first-to-file rule does not apply when the actions are filed in the same district court. While Merial cites two cases for this proposition, *Amsouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004) and *Empagrem S.A. v. F. Hoffman-La Roche, Ltd.*, 2001 WL 761360, *7 (D.D.C. June 7, 2001), *rev'd on other grounds*, 315 F.2d 338 (D.C. Cir. 2003), neither is binding on this court. Furthermore, in neither case was the court squarely presented with the issue that this court must resolve: when two actions are functionally the same, except the plaintiff in one action is the defendant in the other action and vice versa, and both actions are pending in the same district court, which action should be dismissed?

The first-to-file rule provides a reasonable means to determine which action should be dismissed. Indeed, at least one other court has relied on the first-to-file rule to resolve a similar issue. *SAS Inst., Inc. v. PracticingSmarter, Inc.*, 353 F. Supp. 2d 614 (M.D.N.C. 2005) (applying first-to-file rule to action for declaratory judgment and dismissing later filed patent-infringement suit). Pursuant to the first-to-file rule, the first-filed action should proceed. Thus, because Intervet filed its action first, Intervet's action will proceed.

Allowing Intervet's action to proceed does not prejudice Merial, which can present its claim for patent-infringement as a compulsory counterclaim in Intervet's action pursuant to Fed. R. Civ. P. 13(a). *Polymer Indus. Prod. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003) (holding that patent infringement claims are compulsory counterclaims in declaratory judgment actions asserting noninfringement and invalidity pursuant to Fed. R. Civ. P. 13(a)).

Merial asserts that equitable considerations weigh against application of the first-to-file rule. Merial contends that Intervet engaged in improper gamesmanship and procedural fencing

by making an anticipatory filing, not serving the complaint on Merial, and not responding to Merial's inquiries as to whether it planned to serve the complaint.

Merial is correct that the first-to-file rule may be overcome by equitable considerations. *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (quoting *Genentech*, 998 F.2d at 938). But, for such considerations to overcome the first-to-file rule, there must be "sound reason[s] that would make it unjust or inefficient to continue the first filed action." *Genentech*, 998 F.2d. at 937. No such sound reasons exist here.

Merial asserts that it is inequitable to apply the first-to-file rule because Intervet made an anticipatory filing. However, the Federal Circuit has made it clear that an anticipatory filing does not suffice to overcome the first-to-file rule. *Electronics for Imaging, Inc.*, 394 F.3d at 1347-48 ("'While it is true that a district court may consider whether a party intended to preempt another's infringement suit when ruling on the dismissal of a declaratory action . . . we have endorsed that as merely one factor in the analysis.").[3] Nor is the first-to-file rule overcome by Merial's allegation that Intervet did not immediately serve the complaint and did not respond to Merial's inquiry as to when it would file the complaint. Intervet's actions were permissible

---

[3] Although anticipatory filings are often disfavored in numerous circumstances, this is not one of them. Anticipatory filings are often disfavored because they deprive other parties of the opportunity to choose the forum of their choice. *See Genentech, Inc.*, 998 F.2d at 937 ("The general rule favors the forum of the first filed actions . . . [e]xceptions, however, are not rare, and are made when justice or expediency requires, as in any issue of choice of forum."); *Lewis v. NFL,* 813 F. Supp. 1, 4 (D.D.C. 1992) ("such a preemptive strike should be disregarded in selecting the proper forum if equitable concerns so merit"). Such a concern is not present here. Intervet's filing did not deprive Merial of its choice of forum. Indeed, Merial has noted that the United States District Court for the District of Columbia is a "proper forum for the '594 patent suit," and Merial filed its patent infringement action in this court. Pl.'s Opp'n 6 n.3. Thus, because Merial was not deprived of a convenient forum, the court declines to dismiss Intervet's action.

under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m) provides that a party has 120 days to serve its complaint before the complaint will be dismissed for lack of service. Accordingly, equitable considerations do not weigh against application of the first-to-file rule.

Merial lastly asserts that Intervet's action should be dismissed because Merial is the proper plaintiff. Merial contends that it is the proper plaintiff because it is the patentee and thus its patent infringement claims comprise the primary dispute between the parties. Intervet rejoins that because the court already rejected this argument in a related patent dispute pending before the court, *Intervet v. Merial*, Civil Action 06-00658 ("case 658"), the court should again reject it here.

While the circumstances of this action differ from those in case 658, the Federal Circuit has specifically rejected Merial's argument. In *Genentech, Inc.*, 998 F.2d at 937, the Federal Circuit held that a declaratory judgment action should not give way to a later filed patent infringement suit. The Federal Circuit held that, otherwise, the patentee would be able to choose the forum, which "is contrary to the purpose of the Declaratory Judgment Act to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist." *Id.* Thus, the proper plaintiff is the party who files first, regardless of which party is the patentee.[4]

---

[4] Unless, of course, equitable considerations overcome the first-to-file rule. As discussed in the text *supra*, no such equitable considerations exist here.

### III.  CONCLUSION

For the foregoing reasons, Intervet's motion to dismiss [#13] in case No. 07-00630 is **GRANTED** and Merial's motion to dismiss [#5] in case No. 07-00559 is **DENIED**. Appropriate orders with respect to case No. 07-00630 and case No. 07-00559 accompany this memorandum opinion.

Henry H. Kennedy, Jr.<br>
United States District Judge