UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC.,<br>29160 Intervet Lane<br>Millsboro, DE 19966<br><br>    Plaintiff,<br><br>    v.<br><br>MERIAL LIMITED<br>27 Knightsbridge<br>London SW1X 7QT<br>United Kingdom;<br>3239 Satellite Blvd.<br>Duluth, GA  30096-4640<br><br>and<br><br>MERIAL SAS<br>29 Avenue Tony Garnier<br>69007 Lyon<br>France,<br><br>    Defendants.<br><br>MERIAL LIMITED<br><br>and<br><br>MERIAL SAS,<br><br>    Counterclaim Plaintiffs,<br><br>    v.<br><br>INTERVET INC.,<br><br>    Counterclaim Defendant. | Civil Action No. 1:07-cv-559 |

**ANSWER, DEFENSES AND COUNTERCLAIMS
OF DEFENDANTS MERIAL LIMITED AND MERIAL SAS
TO INTERVET INC.'S COMPLAINT FOR DECLARATORY JUDGMENT**

LEGAL02/30724628v1

Defendants Merial Limited and Merial SAS (collectively "Merial" or "Defendants") hereby set forth their Answer, Defenses and Counterclaims to the Complaint for Declaratory Judgment filed by Plaintiff Intervet, Inc. ("Intervet" or "Plaintiff") as follows.

## ANSWER

Responding to the individually enumerated paragraphs of the Complaint, Merial responds as follows:

### PARTIES

1. Merial lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and on that basis denies them.

2. Merial admits that it is a company limited by shares registered in England and Wales with a registered office in England, and domesticated in the state of Delaware as Merial LLC. Merial also admits that its North American Operational Headquarters is located in Duluth, Georgia. Merial also admits that it sells and/or offers for sale veterinary pharmaceuticals or vaccines in this judicial district. Merial denies the remaining allegations contained in Paragraph

3. Merial admits the allegations of Paragraph 3 of the Complaint.

### NATURE OF THE ACTION

4. Merial admits that Paragraph 4 of the Complaint purports to bring an action for a declaratory judgment of patent noninfringement and invalidity, but denies that Plaintiff has any viable claim thereunder.

- 3 -

## JURISDICTION AND VENUE

5. Merial admits that the Complaint purports to bring an action for declaratory judgment arising under Title 35 of the United States Code with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the Courts of the United States, pursuant to 28 U.S.C. §§ 2201 and 2202, but denies the legal sufficiency of Plaintiff's claims and allegations.

6. Merial admits that this Court has jurisdiction over the subject matter of the Complaint, but denies the legal sufficiency of Plaintiff's claims and allegations.

7. Merial admits that venue is proper and that it is subject to jurisdiction in this judicial district, but denies the legal sufficiency of Plaintiff's claim and allegations. Merial denies all other allegations of Paragraph 7 of the Complaint.

## BACKGROUND

8. Merial admits the allegations in Paragraph 8.

9. Merial admits that Intervet is manufacturing and selling a Porcine Circovirus Vaccine Type 2 for use in immunizing pigs susceptible to PMWS. Merial is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and on that basis denies them.

10. Merial admits the allegations in Paragraph 10.

11. Merial admits to the allegations in Paragraph 11.

## EXISTENCE OF AN ACTUAL CONTROVERSY

12. Merial admits that an actual and justiciable controversy exists between it and Intervet. Merial admits that the making, using, selling, or offering to sale of at least Intervet's

Circovirus Vaccine infringes its '594 patent and U.S. Patent No. 6,368,601 ("the '601 patent"). Merial denies the remaining allegations in paragraph 12.

13.  Merial admits that on December 15, 2005, Merial Limited filed suit in the U.S. District Court for the Northern District of Georgia (05-CV-3168) against Intervet for infringement, contributory infringement, and/or actively inducing infringement of U.S. Patent No. 6,368,601 (the "'601 patent") by making, using, selling, and/or offering to sell Intervet's Circovirus Vaccine. Merial admits that on April 27, 2006, the district court dismissed the Georgia suit without prejudice. Merial denies the remaining allegations in Paragraph 13.

14.  Merial admits that Intervet filed a declaratory judgment suit in the U.S. District Court for the District of Columbia, seeking a declaratory judgment of noninfringement, invalidity, and unenforceability of the '601 patent, but denies the validity of Intervet's claims. Merial admits that it filed an answer and infringement counter-claim because of Intervet's active and willful infringement of Merial's '601 patent. Merial admits that the litigation concerning the '601 patent is still active and pending. Merial admits that it wants Intervet to cease and desist its infringing activities. Otherwise, Merial denies the remaining allegations contained in Paragraph 14.

15.  Merial admits that the '594 and '601 patents generally concern Porcine Circovirus Type II ("PCV II" or "PCV-2"). Merial admits that the '594 patent, on its face, recites that the application from which it issued is:

- "a continuation-in-part of U.S. application Ser. No. 10/334,245, filed on Dec. 31, 2002, now U.S. Pat 7,144,698 which is a continuation of abandoned U.S. application Ser. No. 09/935,428, filed Aug. 20, 2001, which is a continuation of abandoned U.S. application Ser. No. 09/209,961, filed Dec. 10, 1998, which claims priority to U.S. application Ser.

- No. 60/069,750, filed Dec. 16, 1997, and to U.S. application Ser. No. 60/069,233, filed Dec. 11, 1997";

- "a continuation-in-part of U.S. application Ser. No. 09/884,514, filed Jun. 19, 2001 now U.S. Pat 6,660,272, which is a divisional of U.S. application Ser. No. 09/161,092, filed Sep. 25, 1998, now U.S. Pat. No. 6,391,314, which is a continuation-in-part of U.S. application Ser. No. 09/082,558, filed May 21, 1998, now U.S. Pat. No. 6,368,601, which claims priority to French Applications 97/12382, filed Oct. 3, 1997; 98/00873, filed Jan. 22, 1998 and 98/03707, filed Mar. 20, 1998";

- "a continuation-in-part of U.S. application Ser. No. 09/680,228, filed Oct. 6, 2000 now abandoned which is a continuation-in-part of U.S. application Ser. No. 09/583,350, filed May 31, 2000, now U.S. Pat. No. 6,517,843, which claims priority to U.S. application Ser. No. 60/151,564, filed Aug. 31, 1999";

- "a continuation-in-part of U.S. application Ser. No. 09/784,962, filed Feb. 16, 2001 now U.S. Pat 6,953,581, which is a divisional of U.S. application Ser. No. 09/347,594, filed Jul. 1, 1999, now U.S. Pat. No. 6,217,883, which claims priority to French Application 98/08777, filed Jul. 6, 1998"; and

- "related to International application Ser. No. PCT/CA98/01130, filed Dec. 11, 1998".

Merial admits that the face of the '601 patent lists inventors that are also listed, among others, as inventors on the face of the '594 patent. Merial admits that the firm "Frommer Lawrence & Haug LLP" is recited on the face of both the '594 patent and the '601 patent, but otherwise denies Intervet's assertion that the same attorneys prosecuted both patents, because, for example, the '594 patent lists Anne-Marie Yvon as an attorney or agent, whereas the '601 patent lists

- 6 -

William S. Frommer and Thomas J. Kowalski.  Merial admits that a case and controversy exists between Intervet and Merial with respect to the '594 patent such that this Court has subject-matter jurisdiction over the present action.  Merial otherwise denies the remaining allegations in paragraph 15.

**FIRST COUNT – DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**

16.  Merial incorporates its answers to the allegations of Paragraphs 1-15 of the Complaint as if set forth herein in full.

17.  Merial denies the allegations of Paragraph 17 of the Complaint.

**SECOND COUNT – DECLARATORY JUDGMENT OF PATENT INVALIDITY**

18.  Merial incorporates its answers to the allegations of Paragraphs 1-17 of the Complaint as if set forth herein in full.

19.  Merial denies the allegations of Paragraph 19 of the Complaint.

**GENERAL DENIAL**

Except as specifically admitted herein, Merial denies each and every averment contained in the Complaint, and denies that Intervet is entitled to any of the relief requested in its Prayer for Relief.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Intervet's Complaint, Merial prays that:

a.  Intervet's Complaint be dismissed with prejudice;

b.  Intervet be awarded no damages;

c.  Intervet's requests for declaratory and injunctive relief be denied;

d.  Merial be awarded its costs and fees, including reasonable attorney fees incurred to defend this action;

Merial be awarded such other and further relief as the Court deems appropriate

## COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

Merial Limited and Merial SAS ("Merial") hereby files its counterclaims and jury demand thereon against Intervet Inc. ("Intervet") as follows:

### NATURE OF ACTION

1. Pursuant to Federal Rule of Civil Procedure 13, Merial's counterclaims seek damages and injunctive relief under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, from Intervet's infringement of Merial's U.S. Patent No. 7,192,594, entitled POSTWEANING MULTISYSTEMIC WASTING SYNDROME AND PORCINE CIRCOVIRUS FROM PIGS ("the '594 patent").

### PARTIES

2. Merial is one of the world's leading animal healthcare companies. Merial develops, produces and sells veterinary pharmaceuticals and vaccines for livestock, pets and wildlife. Of particular relevance here, Merial has contributed to and continues to contribute to research in the Swine Health field. Merial has products for treating diseases in pigs, products for preventing diseases in pigs, and other products for controlling and preventing diseases in pigs and for alleviating pain and inflammation in pigs. Merial Limited is a company limited by shares registered in England and Wales with a registered office in England, and domesticated in the state of Delaware as Merial LLC. Merial Limited's North American Operational Headquarters is located in Duluth, Georgia. Merial SAS (a société par actions simplifiée of France) is located in Lyon, France. Merial SAS is wholly-owned by Merial Limited.

3. Upon information and belief, Intervet is a corporation, having its principal place of business located at 29160 Intervet Lane, in Millsboro, Delaware.

LEGAL02/30724628v1

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this matter pursuant to Title 28, United States Code, Sections 1331 and 1338(a).

5. On information and belief, Intervet offers for sale, sells or causes to be sold veterinary pharmaceuticals or vaccines in this District and is thereby doing business in this District.

6. This Court has personal jurisdiction over Intervet by virtue of Intervet's filing of its Complaint in this District.

7. Venue is proper in this District under Title 28, United States Code, Sections 1391 and 1400(b).

## UNDERLYING FACTS

8. The United States Patent and Trademark Office ("USPTO") duly and legally issued the '594 patent on March 20, 2007.

9. By virtue of assignments recorded at the USPTO all rights in, to, and under the '594 patent have been assigned to Merial, and Merial has the exclusive worldwide right to enforce the '594 patent.

10. The '594 patent generally relates to Postweaning Multisystemic Wasting Syndrome (PMWS) and Porcine Circovirus (PCV) vaccines. PMWS is an infection of young pigs (usually 8-16 weeks old). PMWS tends to be a slow and progressive disease with a high fatality rate in affected pigs. PMWS can have devastating economic consequences. Mortality in acutely infected herds varies from 5 to 50%, and chronically infected herds may sustain losses of 15% from weaning to slaughter, on average. PCV is a causative agent of PMWS in pigs.

- 9 -

11.     Merial's business activities include PCV vaccines for preventing PMWS in pigs. Indeed, Merial has been and continues to be involved in research involving PCV and PMWS. Merial publishes a quarterly Swine Bibliographical Bulletin and has also sponsored the publication of a book on Porcine Circovirus and PMWS. Furthermore, Merial owns or has the exclusive rights under numerous patents worldwide in the field of Porcine Circovirus and PMWS.

## COUNT 1

### Claim For Infringement of U.S. Patent No. 7,192,594

12.     The allegations in Paragraphs 1 through 11 of this Counterclaim are incorporated by reference as if set forth in their entirety.

13.     Upon information and belief, Intervet has infringed, contributed to the infringement of, and/or actively induced the infringement of claims of the '594 patent by the making, using, selling, and/or offering for sale of products, including but not limited to a PCV vaccine, including but not limited to the product formerly known as "Porcine Circovirus Vaccine, Type 2, Killed Baculovirus Vector" and now known as "CIRCUMVENT" and products that contain immunogenic, antigenic, or epitopic material of the product formerly known as "Porcine Circovirus Vaccine, Type 2, Killed Baculovirus Vector" and now known as "CIRCUMVENT", and precursors thereto including without limitation precursors of that immunogenic, antigenic or epitopic material (Intervet's "infringing acts").

14.     Upon information and belief, Intervet has had notice of the '594 patent and its infringement of the '594 patent has been deliberate and willful.

15.     Intervet's infringing acts have not been authorized by Merial and are in violation of Merial's patent rights.

16. As a direct result of Intervet's infringing acts, Merial has suffered and continues to suffer damages and irreparable harm.

17. Merial has no adequate remedy at law for Intervet's infringing acts. Unless and until Intervet's infringing acts are enjoined by this Court, Merial will continue to be damaged and irreparably harmed.

**WHEREFORE**, Merial prays that the Court:

(a) Enter a judgment that Intervet has infringed, either directly, by contribution and/or inducement, one or more claims of the '594 patent;

(b) Permanently enjoin Intervet and those in privity with it from further acts of direct infringement, contributory infringement and inducement of infringement of the '594 patent;

(c) Award Merial damages adequate to compensate it for Intervet's infringement of the '594 patent;

(d) Declare that Intervet's infringement of the '594 patent has been knowing and willful;

(e) Treble the award of damages pursuant to 35 U.S.C. § 284 and in view of the willful nature of Intervet's infringement;

(f) Declare this to be an exceptional case pursuant to 35 U.S.C. § 285;

(g) Award Merial its attorneys' fees, costs and expenses in this action; and

(h) Award Merial prejudgment interest, and such further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Merial requests a trial by jury of all issues so triable to a jury raised in its Answer, Affirmative Defenses, and Counterclaims.

Dated: March 14, 2008.

        Respectfully submitted,

        */s/ Timothy A. Ngau*
        ALSTON & BIRD, LLP
        Timothy A. Ngau
        DC Bar No. 339333
        950 F Street, NW
        Washington, DC  20004
        Phone: 202-756-3300
        Fax: 202-756-3333

        Judy Jarecki-Black, Ph.D.
        Merial Limited
        3239 Satellite Blvd.
        Duluth, GA  30096-4640
        Tel.: (678) 638-3805
        Fax: (678) 638-3350

        Thomas J. Kowalski
        Vicki Franks
        DC Bar No. 412196
        Frommer Lawrence & Haug LLP
        745 Fifth Avenue
        New York, New York 10151
        Tel.: (212) 588-0800
        Fax: (212) 588-0500

        Frank G. Smith, III
        J. Patrick Elsevier, Ph.D.
        Kristen L. Melton
        Jessica Jacob
        Alston & Bird LLP
        1201 West Peachtree Street
        Atlanta, Georgia 30309-3424
        Tel.: (404) 881-7000
        Fax: (404) 881-7777

        Counsel for Merial Limited and Merial SAS.