## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC.<br>29160 Intervet Lane<br>Millsboro, DE 19966<br><br>      *Plaintiff,*<br><br>   v.<br><br>MERIAL LIMITED<br>27 Knightsbridge,<br>London SW1X 7QT<br>United Kingdom<br><br>and<br><br>MERIAL SAS<br>27, Avenue Tony Garnier<br>69007 Lyon<br>France;<br>      *Defendants.*<br><br>MERIAL LIMITED<br><br>and<br><br>MERIAL SAS,<br><br>      *Counterclaim Plaintiffs,*<br><br>   v.<br><br>INTERVET INC.,<br><br>      *Counterclaim Defendants* | Civil Action No. 1:07-cv-00559 (HHK) |

**REPLY AND AFFIRMATIVE DEFENSES OF INTERVET INC. TO
<u>COUNTERCLAIMS AND JURY DEMAND OF MERIAL LIMITED AND MERIAL SAS</u>**

For its Answers to the Counterclaims of Defendants Merial Limited and Merial SAS (collectively "Merial"), Plaintiff Intervet Inc. ("Intervet") responds to the numbered paragraphs thereof as follows:

**NATURE OF THE ACTION**

1.  Pursuant to Federal Rule of Civil Procedure 13, Merial's counterclaims seek damages and injunctive relief under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, from Intervet's infringement of Merial's U.S. Patent No. 7,192,594, entitled POSTWEANING MULTISYSTEMIC WASTING SYNDROME AND PORCINE CIRCOVIRUS FROM PIGS ("the '594 patent").

REPLY:

Intervet admits only that Merial's counterclaims purport to arise under the patent laws of the United States and seek damages and injunctive relief. All other allegations in this paragraph are denied.

**PARTIES**

2.  Merial is one of the world's leading animal healthcare companies. Merial develops, produces and sells veterinary pharmaceuticals and vaccines for livestock, pets and wildlife. Of particular relevance here, Merial has contributed to and continues to contribute to research in the Swine Health field. Merial has products for treating diseases in pigs, products for preventing diseases in pigs, and other products for controlling and preventing diseases in pigs and for alleviating pain and inflammation in pigs. Merial Limited is a company limited by shares registered in England and Wales with a registered office in England, and domesticated in the state of Delaware as Merial LLC. Merial Limited's North American Operational Headquarters is located in Duluth, Georgia. Merial SAS (a société par actions simplifiée of France) is located in Lyon, France. Merial SAS is wholly-owned by Merial Limited.

REPLY:

Intervet admits only that Merial Limited is a company limited by shares registered in England and Wales and that Merial's North American Operational Headquarters is located in Duluth, Georgia. Intervet is without knowledge or information sufficient to form a belief as to the truth of any other allegations of this paragraph and, therefore, denies them.

     3.     Upon information and belief, Intervet is a corporation, having its principal place of business located at 29160 Intervet Lane, in Millsboro, Delaware.

    REPLY:

        Admitted as to Intervet Inc.  Otherwise denied.

## JURISDICTION AND VENUE

     4.     This Court has subject-matter jurisdiction over this matter pursuant to Title 28, United States Code, Sections 1331 and 1338(a).

    REPLY:

        Admitted as to Intervet Inc.  Otherwise denied.

     5.     On information and belief, Intervet offers for sale, sells or causes to be sold veterinary pharmaceuticals or vaccines in this District and is thereby doing business in this District.

    REPLY:

        Admitted as to Intervet Inc.  Otherwise denied.

     6.     This Court has personal jurisdiction over Intervet by virtue of Intervet's filing of its Complaint in this District.

    REPLY:

        Admitted as to Intervet Inc.  Otherwise denied.

     7.     Venue is proper in this District under Title 28, United States Code, Sections 1391 and 1400(b).

    REPLY:

        Admitted that venue is proper under 28 U.S.C. §§ 1391 as to Intervet Inc. only.  Otherwise denied.

**UNDERLYING FACTS**

8.   The United States Patent and Trademark Office ("USPTO") duly and legally issued the '594 patent on March 20, 2007.

<u>REPLY</u>:

Intervet admits only that the U.S. Patent No. 7,192,594 (the "'594 patent") states on its face that it issued on March 20, 2007, but denies that the patent was "duly and legally" issued. To the extent the allegations of this paragraph purport to go any further, they are denied.

9.   By virtue of assignments recorded at the USPTO all rights in, to, and under the '594 patent have been assigned to Merial, and Merial has the exclusive worldwide right to enforce the '594 patent.

<u>REPLY</u>:

Intervet is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

10.   The '594 patent generally relates to Postweaning Multisystemic Wasting Syndrome (PMWS) and Porcine Circovirus (PCV) vaccines. PMWS is an infection of young pigs (usually 8-16 weeks old). PMWS tends to be a slow and progressive disease with a high fatality rate in affected pigs. PMWS can have devastating economic consequences. Mortality in acutely infected herds varies from 5 to 50%, and chronically infected herds may sustain losses of 15% from weaning to slaughter, on average. PCV is a causative agent of PMWS in pigs.

<u>REPLY</u>:

Intervet admits only that the '594 patent is entitled "Postweaning Multisystemic Wasting Syndrome and Porcine Circovirus From Pigs." Intervet is without knowledge or information sufficient to form a belief as to the truth of any other allegations of this paragraph and, therefore, denies them.

4

11.  Merial's business activities include PCV vaccines for preventing PMWS in pigs. Indeed, Merial has been and continues to be involved in research involving PCV and PMWS. Merial publishes a quarterly Swine Bibliographical Bulletin and has also sponsored the publication of a book on Porcine Circovirus and PMWS. Furthermore, Merial owns or has the exclusive rights under numerous patents worldwide in the field of Porcine Circovirus and PMWS.

REPLY:

Intervet is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

## COUNT 1

### Claim for Infringement of U.S. Patent No. 7,192,594

12.  The allegations in Paragraphs 1 through 11 of this Counterclaim are incorporated by reference as if set forth in their entirety.

REPLY:

Intervet refers to its responses of paragraphs 1 through 11 set forth above and incorporates them as if fully set forth herein.

13.  Upon information and belief, Intervet has infringed, contributed to the infringement of, and/or actively induced the infringement of claims of the '594 patent by the making, using, selling, and/or offering for sale of products, including but not limited to a PCV vaccine, including but not limited to the product formerly known as "Porcine Circovirus Vaccine, Type 2, Killed Baculovirus Vector" and now known as "CIRCUMVENT" and products that contain immunogenic, antigenic, or epitopic material of the product formerly known as "Porcine Circovirus Vaccine, Type 2, Killed Baculovirus Vector" and now known as "CIRCUMVENT", and precursors thereto including without limitation precursors of that immunogenic, antigenic or epitopic material (Intervet's "infringing acts").

REPLY:

Denied.

14.  Upon information and belief, Intervet has had notice of the '594 patent and its infringement of the '594 patent has been deliberate and willful.

5

REPLY:

Intervet admits only that it became aware of the '594 patent soon after it issued. Otherwise, denied.

15.     Intervet's infringing acts have not been authorized by Merial and are in violation of Merial's patent rights.

REPLY:

Denied.

16.     As a direct result of Intervet's infringing acts, Merial has suffered and continues to suffer damages and irreparable harm.

REPLY:

Denied.

17.     Merial has no adequate remedy at law for Intervet's infringing acts. Unless and until Intervet's infringing acts are enjoined by this Court, Merial will continue to be damaged and irreparably harmed.

REPLY:

Denied.

## **MERIAL IS NOT ENTITLED TO THE RELIEF REQUESTED**

The "WHEREFORE" paragraph following paragraph 17 of the Counterclaims states Merial's prayer for judgment for which no response is required. To the extent a response is required, Intervet denies that Merial is entitled to the relief requested or to any relief whatsoever, and prays for a judgment in its favor dismissing Merial's Counterclaims with prejudice and

awarding Intervet its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, interest, and costs of this action, and such other and further relief as this Court may deem just and proper.

## **AFFIRMATIVE DEFENSES**

Without prejudice to the denials set forth in its Reply, without admitting any allegations of the Counterclaims not otherwise admitted, and without undertaking any of the burdens imposed by law on Merial, Intervet avers and asserts the following specifically plead defenses to the Counterclaims.

### First Affirmative Defense

Intervet's Circumvent™ PCV product (formerly called Porcine Circovirus Vaccine, Type 2, Killed Baculovirus Vector), and products that may contain immunogenic, antigenic, or epitopic material of the Circumvent™ PCV product and precursors thereto including without limitation precursors of that immunogenic, antigenic or epitopic material, do not infringe any claim of the '594 patent under 35 U.S.C. § 271.

### Second Affirmative Defense

The claims of the '594 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code, including, but not limited to, 35 U.S.C. §§ 101, 102(a), 102(b), 102(e), 102(f), 102(g), 103, 112, 116, 119, 120 and/or 132.

### Third Affirmative Defense

To the extent that the '594 patent claims priority to U.S. Patent No. 6,368,601, the '594 patent is unenforceable due to inequitable conduct by the applicants for the '594 patent during prosecution of the '601 parent application.

Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the United States Patent and Trademark Office ("Patent Office"). 37 C.F.R. § 1.56. On information and belief, the '594 patent application purports to claim benefit of priority to U.S. Patent No. 6,660,272 filed June 19, 2001, which in turn claims priority to U.S. Patent No. 6,931,314 filed May 21, 1998, which in turn claims priority to U.S. Patent No. 6,368,601 filed on May 21, 1998, which in turn, claims priority to French Patent Application FR 97 12382 ("FR 97 12382"), which was filed October 3, 1997.

The '594 patent is unenforceable based on inequitable conduct committed by persons associated with filing the '601 patent. To be an effective priority document for the pending claims of the '601 patent application, the patent law requires that FR 97 12982 satisfy the requirements of 35 U.S.C. §112, and, for example, provide a written description of the invention claimed in the '601 patent. On information and belief, individuals associated with the filing and prosecution of the '601 patent application were aware that FR 97 12382 failed to satisfy the requirements of 35 U.S.C. § 112. Nevertheless, those individuals claimed the benefit of priority to FR 97 12382 in order to obtain allowance of the claims of the '601 patent. For example, in order to remove Hamel as a prior art reference, the applicant stated that "Hamel is not available as a section 102(a) reference in this application because the publication date of Hamel, i.e [sic] December 17, 1997, was after the October 3, 1997 priority date of this application." At no time during prosecution did the applicants apprise the Patent Office of the inadequacy of FR 97 12382 under § 112. On information and belief, the Patent Office would have found this information material to the patentability of the '601 patent claims because it refutes and is inconsistent with the applicants' position in, for example, opposing the rejection over Hamel. 37 C.F.R.

8

§1.56(b)(2).  Further, upon information and belief, the '594 patent would be similarly anticipated were it not for the inequitable conduct associated with the '601 patent application.

On information and belief, the applicants intentionally and inequitably concealed from the Patent Office this information regarding the '594 patent's entitlement to priority with an intent to deceive the Patent Office.  Such intentional acts constitute inequitable conduct before the Patent Office and render the '594 patent unenforceable.

## PRAYER FOR RELIEF

Intervet incorporates by reference its Prayer for Relief from its Complaint, and Intervet further respectfully requests the Court deny Merial all the relief it requested in its Counterclaims and dismiss the Counterclaims in its entirety.

Date: June 12, 2008

Respectfully Submitted,

/s/  Yariv Waks
John R. Hutchins (DC Bar No. 456749)
William G. James, II (DC Bar No. 503162)
Yariv Waks (DC Bar No. 491729)
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, DC 20005-1257

Richard L. DeLucia
Michael D. Loughnane
Patrice P. Jean, Ph.D. (DC Bar No. 482968)
KENYON & KENYON LLP
One Broadway
New York, NY 10004

*Counsel for Intervet Inc.*