**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERVET INC., | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:07-cv-00559 (HHK) |
| MERIAL LIMITED and MERIAL SAS | |
| *Defendants*. | |
| MERIAL LIMITED and MERIAL SAS | |
| *Counterclaim Plaintiffs*, | |
| v. | |
| INTERVET INC., | |
| *Counterclaim Defendant*, | |
| MERIAL LIMITED and MERIAL SAS, | |
| *Third-Party Plaintiffs*, | |
| v. | |
| INTERVET INTERNATIONAL B.V., | |
| *Third-Party Defendant*. | |

**THIRD-PARTY DEFENDANT INTERVET INTERNATIONAL B.V.'S
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

Pursuant to Fed. R. Civ. P. 12(b)(2), Third-Party Defendant Intervet International B.V.

("Intervet International"), a  corporation of The Netherlands, hereby moves this Court for an

order granting dismissal of all claims brought against it by Third-Party Plaintiffs, Merial Limited

and Merial SAS ("Merial"), for lack of personal jurisdiction.  The grounds for the motion are set

forth in the accompanying memorandum.  Proposed orders are attached.


Date: June 12, 2008                    Respectfully Submitted,


                                       /s/  Yariv Waks
                                       John R. Hutchins (DC Bar No. 456749)
                                       William G. James, II (DC Bar No. 503162)
                                       Yariv Waks (DC Bar No. 491729)
                                       KENYON & KENYON LLP
                                       1500 K Street, N.W.
                                       Washington, DC 20005-1257

                                       Richard L. DeLucia
                                       Michael D. Loughnane
                                       Patrice P. Jean, Ph.D. (DC Bar No. 482968)
                                       KENYON & KENYON LLP
                                       One Broadway
                                       New York, NY 10004

                                       *Counsel for Intervet International B.V.*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:07-cv-00559 (HHK) |
| MERIAL LIMITED and MERIAL SAS | |
| *Defendants*. | |
| MERIAL LIMITED and MERIAL SAS | |
| *Counterclaim Plaintiffs*, | |
| v. | |
| INTERVET INC., | |
| *Counterclaim Defendant*, | |
| MERIAL LIMITED and MERIAL SAS, | |
| *Third-Party Plaintiffs*, | |
| v. | |
| INTERVET INTERNATIONAL B.V., | |
| *Third-Party Defendant*. | |

## THIRD-PARTY DEFENDANT INTERVET INTERNATIONAL B.V.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## TABLE OF CONTENTS

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ............................... 4

SUMMARY OF THE ARGUMENT ........................................................... 4

STATEMENT OF THE FACTS .............................................................. 5

ARGUMENT ........................................................................... 6

I.   Merial Cannot Demonstrate That Specific Personal Jurisdiction Exists Under the District of Columbia Long-Arm Statute ....................................................... 7

II.  Merial Cannot Demonstrate That General Personal Jurisdiction Exists Under D.C. Code § 13-334(a) ........................................................................ 10

III. Merial Cannot Satisfy the Jurisdictional Requirements of the Due Process Clause ......... 11

     A.   Merial Cannot Demonstrate General Jurisdiction Over Intervet International Under the Due Process Clause ............................................... 12

     B.   Merial Cannot Demonstrate Specific Jurisdiction Over Intervet International Under the Due Process Clause ............................................... 13

     C.   Jurisdiction Over Intervet International Would Offend Traditional Notions of Fair Play and Substantial Justice ............................................. 13

CONCLUSION ......................................................................... 14

# TABLE OF AUTHORITIES

## Cases

*3D Systems, Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373 (Fed. Cir. 1998)................................ 6, 13

*Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102 (1987) ............... 11

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) .............................................................. 12, 13, 14

*Crane v. New York Zoological Society*, 894 F.2d 454 (D.C. Cir. 1990)........................................ 6

*Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506 (D.C. Cir. 2002) .................................... 7, 11

*Graphic Controls Corp. v. Utah Medical Prods., Inc.*, 149 F.3d 1382 (Fed. Cir. 1998) .............. 6

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) ...................... 12, 13, 14

*Heller v. Nicholas Applegate Capital Mgmt., LLC*, 498 F. Supp. 2d 100 (D.D.C. 2007) ........ 8, 10

*Hildebrand v. Steck Manufacturing Co. Inc.*, 279 F.3d 1351 (Fed. Cir. 2002) ......................... 6, 7

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ................................................. 12, 14

*Keeton v. Hustler Magazine*, 465 U.S. 770 (1984)..................................................................... 13

*Lee v. State Comp. Ins. Fund.*, No. 05-670 (GK), 2005 U.S. Dist. LEXIS 16900 (D.D.C. July 13,
    2005) ................................................................................................................................. 6

*Medical Solutions, Inc. v. C Change Surgical LLC*, 468 F. Supp. 2d 130 (D.D.C. 2006) ............. 8

*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) .................................................... 12

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1335 (Fed. Cir. 1998)............. 7, 13

*Second Amendment Found. v. United States Conference of Mayors*, 274 F.3d 521 (D.C. Cir.
    2001) ................................................................................................................................. 6

*Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275 (Fed. Cir. 2005)......... 7, 11

## Statutes

D.C. Code § 13-334(a) (2008) ................................................................................................ 7, 11

D.C. Code § 13-423 (2008)...................................................................................................... 8, 9

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiff Intervet Inc. (or "Plaintiff") brought this declaratory judgment action against Merial Limited and Merial SAS ("Defendants" or "Merial") seeking, *inter alia*, declarations of patent non-infringement and patent invalidity.  (D.I. 1.)  Merial moved to dismiss (D.I. 5), and the motion was denied.  (D.I. 18.)  Merial filed an answer to the complaint and filed counterclaims against Intervet Inc. (D.I. 19.), and Intervet Inc. answered Merial's counterclaims this day.

Merial also filed a third-party complaint for patent infringement, naming Intervet International B.V. ("Third-Party Defendant" or "Intervet International") as the third-party defendant.  (D.I. 21.)  Pursuant to Federal Rule of Civil Procedure 12(b)(2), Third-Party Defendant Intervet International moves to dismiss Merial's third-party complaint for lack of personal jurisdiction.

## SUMMARY OF THE ARGUMENT

Merial filed a third-party complaint for patent infringement against Intervet International on March 14, 2008.  (D.I. 21.)  Merial asserted on information and belief that "Intervet International offers for sale, sells or causes to be sold veterinary pharmaceuticals or vaccines in this District and is thereby doing business in this District."  (*Id*. at ¶ 5.)  Merial further asserted "personal jurisdiction over Intervet International by virtue of its actions and those of its agents which directly infringe or which induce or knowingly contribute in the infringement of the '594 patent within this district and/or its systematic and continuous contact with this district."  (*Id*. at ¶ 6.)

Intervet International is a corporation organized under the laws of The Netherlands.  It has transacted no business in the District of Columbia.  Nor does it manufacture, sell, or

distribute any product in the District of Columbia, let alone a product that is related to this lawsuit. Intervet International is not subject to personal jurisdiction in the District because of its lack of contacts with the District of Columbia. Intervet International meets neither the requirements of the long-arm statute or the general jurisdiction statute. Further, jurisdiction over Intervet International would not comport with constitutional notions of due process.

## STATEMENT OF THE FACTS

Intervet International is organized and exists under the laws of The Netherlands, with its principal place of business in Boxmeer, The Netherlands.[1]  (Ex. A, van Heumen Decl. at ¶ 2.) Intervet International does not have any other corporate office in the United States.  (*Id*.) Intervet International does not manufacture, sell, or distribute any product in the District of Columbia nor does it manufacture, sell or distribute the accused product anywhere in the United States.  (*Id*. at ¶¶ 3 and 5.)  Intervet International's operations are headed by a Board of Directors with six members, which has responsibility for overall management of the company.  (*Id*. at ¶ 4.) Intervet International is not licensed to do business in the United States, and does not sell products, transact or solicit any business in the District of Columbia.  (*Id*. at ¶ 5.)  Intervet International has no plants, offices, property, bank accounts, telephone listings, post office boxes, employees or agents in the District of Columbia or the United States.  (*Id*.)

Intervet Inc. is a Delaware corporation, headquartered in Delaware.  (*Id*. at ¶ 6.)  It is a wholly-owned indirect subsidiary of Schering-Plough Corporation.  (*Id*.)  Intervet International and Intervet Inc. are separate, distinct corporations which observe all formalities of separate corporations.  (*Id*. at ¶ 7.)  Intervet Inc. has its own officers and duly elected Board of Directors.

---

[1]    Attached to this Memorandum is the Declaration of Marcus Josepha Maria Van Heumen, the Executive Director Legal Affairs of Intervet International BV.

(*Id*.)  Intervet International and Intervet Inc. do not have any common officers or directors.  (*Id*.)  Intervet International and Intervet Inc. maintain separate records, including, without limitation, by-laws, minutes, and financial and accounting books and records.  (*Id*.)  Intervet International and Intervet Inc. have separate financial audits, maintain separate bank accounts, file their own tax returns, and have separate payrolls.  (*Id*.)  Intervet International does not control the day-to-day operational decisions of Intervet Inc.  (*Id*.)  Intervet International and Intervet Inc. enter into and perform their own contracts.  (*Id*.)  In short, Intervet International has no contacts with this forum that would justify the exercise of personal jurisdiction over it.

## ARGUMENT

The defendant and third party plaintiff, Merial, bears the burden of proving personal jurisdiction over the third party defendant, Intervet International.  *Lee v. State Comp. Ins. Fund.*, No. 05-670 (GK), 2005 U.S. Dist. LEXIS 16900, at *7 (D.D.C. July 13, 2005) (citing *Crane v. New York Zoological Society*, 894 F.2d 454, 456 (D.C. Cir. 1990)).  Merial must therefore allege specific acts to connect third-party defendant, Intervet International with the forum.  *Id*. (citing *Second Amendment Found. v. United States Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)).  Here, Merial presents no facts whatsoever to justify this Court's exercise of personal jurisdiction over Intervet International.

In patent infringement cases, a district court applies Federal Circuit law in analyzing whether personal jurisdiction exists.  *Hildebrand v. Steck Manufacturing Co. Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002); *see also 3D Systems, Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998); *Graphic Controls Corp. v. Utah Medical Prods., Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998).  The determination of whether a nonresident defendant is subject to personal jurisdiction in a patent infringement case generally involves a two-part analysis: (1) the

court must determine whether the state's long-arm statute reaches the (third-party) defendant; and (2) if the court finds that such jurisdiction exists under the long-arm statute, the court must then determine whether subjecting the (third-party) defendant to jurisdiction in that state comports with constitutional notions of due process. *See, e.g.*, *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1278 (Fed. Cir. 2005); *Hildebrand*, 279 F.3d at 1354; *see also Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1335, 1358 (Fed. Cir. 1998). There are two kinds of personal jurisdiction: specific and general. Specific jurisdiction relates to the cause of action; patent infringement in this case. General jurisdiction arises when a defendant maintains continuous and systematic contacts with the state even when the cause of action does not relate to those contacts. *Trintec*, 395 F.3d at 1279. Additionally, the District of Columbia permits courts to exercise general jurisdiction over a foreign corporation for claims that do not arise from conduct in the District if the corporation is doing business in the District and its business contacts are "continuous and systematic." *Id.*; *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002); D.C. Code § 13-334(a) (2008).

As set forth below, neither the District of Columbia's long-arm statute nor its general jurisdiction statute reaches Intervet International. Furthermore, constitutional notions of due process would not be satisfied even if, *arguendo*, the long-arm or general jurisdiction statute were met.

## I.     Merial Cannot Demonstrate That Specific Personal Jurisdiction Exists Under the District of Columbia Long-Arm Statute

The District of Columbia long-arm statute provides:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's --
>
> > (1) transacting any business in the District of Columbia;
> >
> > (2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia;

(6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing….

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C. Code § 13-423 (2008).  For personal jurisdiction to exist under the long-arm statute, the cause of action, *i.e.*, patent infringement, must arise from Intervet International's contacts with the District of Columbia.  *See Heller v. Nicholas Applegate Capital Mgmt., LLC*, 498 F. Supp. 2d 100, 110 (D.D.C. 2007).  Although Merial fails to cite the D.C. long-arm statute, it alleges personal jurisdiction over Intervet International "by virtue of [Intervet International's] actions and those of its agents which directly infringe or which induce or knowingly contribute in the infringement of the '594 patent within this district."   (D.I. 21 at ¶ 6.)  As set forth in the accompanying declaration of Mr. van Heumen, Intervet International does not manufacture, sell or distribute any product related to this lawsuit (*i.e.*, the accused product) in the District of Columbia or the United States.  Thus, it has not caused any tortious injury in the District of Columbia.  (van Heumen Decl. at ¶ 3.)  Nor has Intervet International transacted any business in the District of Columbia.  (*Id.* at ¶ 5.)  S*ee Medical Solutions, Inc. v. C Change Surgical LLC*, 468 F. Supp. 2d 130, 131-32 (D.D.C. 2006) (finding no jurisdiction over defendant in patent

infringement action, where foreign defendant had no place of business, agents, employees, bank accounts, telephone listings, or office space in the District of Columbia, and did not make, use, or sell any products in the District, but did display an allegedly infringing product at a trade show in the District.)  In light of these facts, there is no personal jurisdiction over Intervet International under § 13-423(a)(3).

Section 13-423(a)(4) allows a court to exercise jurisdiction as to a claim arising from "causing tortious injury in the District of Columbia by an act or omission *outside* the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia."  D.C. Code § 13-423(a)(4) (emphasis added).  Jurisdiction is equally inapplicable under this subsection.  First, Merial has not alleged jurisdiction under this subsection and therefore has waived this argument.  In its third-party complaint, Merial only alleges jurisdiction based on actions of Intervet International "within this district."  (D.I. 21 at ¶ 6.)  Second, even if  subsection (a)(4) is considered as an alleged basis for jurisdiction, there is no jurisdiction.  As set forth in the declaration of  Mr. van Heumen, Intervet International is not licensed to do business in the District of Columbia or the United States, does not sell products, transact or solicit any business in the District of Columbia and has no plants, offices, property, bank accounts, telephone listings, post office boxes, employees, or agents in the District of Columbia or the United States.  (van Heumen Decl. at ¶ 5.)  Thus, Intervet International does not "regularly do[] or solicit[] business, engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed, or services rendered, in the District of Columbia" as required by this subsection.[2]

---

[2]   Merial has made no allegations even remotely implying that other subsections of Section 13-423(a) apply.

Finally, Merial alleges personal jurisdiction "by virtue of [Intervet International's] actions and those of its agents." (D.I. 21 at ¶ 6.) Merial does not identify any of these so-called actions or agents. In fact, Intervet International does not have any employees or agents in the District of Columbia or the United States. (van Heumen Decl. at ¶ 5.) Furthermore, Intervet Inc. is not an agent of Intervet International.[3] Intervet International and Intervet Inc. are separate, distinct corporations which observe all formalities of separate corporations, and Intervet International does not control the day-to-day operational decisions of Intervet Inc. (*Id*. at ¶ 7.) *See Heller*, 498 F. Supp. 2d at 107, 111-13 (finding no jurisdiction over German parent corporation because of lack of agency relationship with Delaware subsidiary, an independent company whose day-to-day operations were not controlled by parent.)

Simply put, Merial has failed to establish personal jurisdiction over Intervet International under the District's long-arm statute.

## II. Merial Cannot Demonstrate That General Personal Jurisdiction Exists Under D.C. Code § 13-334(a)

In addition to lacking specific jurisdiction, Merial has not established that this Court has general jurisdiction over Intervet International pursuant to D.C. Code § 13-334(a). This section provides:

> In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or

---

[3]    Nor does Merial allege that Intervet International is merely an alter ego of Intervet Inc. Intervet International reserves the right to rebut this argument should Merial raise it. In short, Intervet International is not an alter ego of Intervet Inc. because they "are separate, distinct corporations which observe all formalities of separate corporations." (van Heumen Decl. at ¶ 7.) Additionally, the two corporations have their own separate officers and duly elected board members. (*Id*.) *See also Neumann v. Vidal*, 1982-2 Trade Cas. (CCH) P64,933, 1981 U.S. Dist. LEXIS 17688, at *11 (D.D.C. 1981). Intervet International and Intervet Inc. maintain separate records, including, without limitation, by-laws, minutes, and financial and accounting books and records. (van Heumen Decl. at ¶ 7.) Intervet International and Intervet Inc. have separate financial audits, maintain separate bank accounts, file their own tax returns, and have separate payrolls. (*Id*.) Intervet International does not control the day-to-day operational decisions of Intervet Inc. (*Id*.) Intervet International and Intervet Inc. enter into and perform their own contracts. (*Id*.)

> person conducting its business, or, when he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, where there is no such place of business, by leaving a copy at the place of business or residence of the agent in the District, and that service is effectual to bring the corporation before the court.

D.C. Code § 13-334(a).  This section allows general jurisdiction over a foreign corporation for claims that do not arise from the corporation's conduct within the District "if the corporation is 'doing business' in the District" and its business contacts are continuous and systematic. *Gorman*, 293 F.3d at 509.  The reach of jurisdiction under this statute is coextensive with that of constitutional due process.  *Trintec*, 395 F.3d at 1279-80.

In its third-party complaint, Merial alleges on information and belief that "Intervet International offers for sale, sells or causes to be sold veterinary pharmaceuticals or vaccines in this District and is thereby doing business in this District."  (D.I. 21 at ¶ 5.)  This allegation is incorrect.  Intervet International does not transact any business in the District of Columbia.  (van Heumen Decl. at ¶ 5).  The absence of any evidence of "continuous and systematic" contacts between Intervet International and the District of Columbia precludes this Court from exercising general jurisdiction over Intervet International.

## III.    Merial Cannot Satisfy the Jurisdictional Requirements of the Due Process Clause

Assuming, *arguendo*, that Merial's allegations could pass muster under the District of Columbia's long-arm or general jurisdiction statute, subjecting Intervet International to jurisdiction in the District of Columbia would violate due process.  The "constitutional touchstone" of a due process analysis is whether the non-resident defendant has purposefully established "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 108-09, 113 (1987) (citing *Burger King*

11

*v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))).  To find such "minimum contacts," the plaintiff must demonstrate either general or specific jurisdiction.  *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  Again, Merial can demonstrate neither.

> A.    **Merial Cannot Demonstrate General Jurisdiction Over Intervet International Under the Due Process Clause**

Courts have set a high standard for parties seeking to establish general jurisdiction.  *See generally Helicopteros*, 466 U.S. at 408.  Only if a nonresident defendant's activities in the forum state are "continuous and systematic" is there a constitutionally sufficient basis to warrant jurisdiction over all causes of action asserted against it.  *Id*. at 421; *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952).

In *Helicopteros*, the Supreme Court found that a foreign defendant's general business contacts with the forum state did not rise to the level of "continuous and systematic" despite the fact that the defendant purchased equipment from the forum state, sent personnel for training in the forum state, and sent a corporate officer for contract negotiations in the forum state. *Helicopteros*, 466 U.S. at 416-18.  The foreign defendant had never actually performed operations, solicited business, or sold any product that reached the state, and the Court held that the brief presence of employees or minor purchases did not rise to the level of "continuous and systematic general business contacts."  *Id.*

Here, as explained above and in the declaration of Mr. van Heumen, Intervet International has not transacted business in the District of Columbia.  Merial has made no plausible assertion that this Court has general jurisdiction over Intervet International.

**B.    Merial Cannot Demonstrate Specific Jurisdiction Over Intervet International Under the Due Process Clause**

To invoke specific jurisdiction, a party must show that a nonresident defendant "has 'purposefully directed' his activities at residents of the forum…and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472, 486 (quoting *Keeton v. Hustler Magazine*, 465 U.S. 770, 774 (1984), and *Helicopteros*, 466 U.S. at 414); *accord 3D Systems*, 160 F.3d at 1378.  The inquiry in a specific jurisdiction analysis concerns (1) the character of the defendant's activity in the forum, and (2) whether the claim arises out of or has a substantial connection with that activity.  *See id.* at 476-77.  Again, the party seeking to invoke jurisdiction has the burden of demonstrating facts justifying the exercise of specific jurisdiction in a given case.  *See, e.g.*, *Lee*, 2005 U.S. Dist. LEXIS, at *7.

Here, neither of these requirements is met.  Merial does not and cannot allege any act or transaction by Intervet International in, or directed at, the District of Columbia.  It does not conduct any business in the District of Columbia, and it does not manufacture, sell, or distribute any product related to this lawsuit in the District of Columbia.  It has done nothing to avail itself of the privilege of conducting activities in the District, or to invoke the protection or benefit of District laws.  In short, Merial has not alleged that its claims arise out of or have a substantial connection with any activity by Intervet International in the District or that Intervet International has "purposefully directed" any activities at residents of the District.  *See Burger King*, 471 U.S. at 472; *accord Red Wing Shoe*, 148 F.3d at 1359.

**C.    Jurisdiction Over Intervet International Would Offend Traditional Notions of Fair Play and Substantial Justice**

Even if Merial established sufficient "minimum contacts" between Intervet International and the District for this Court to exercise jurisdiction, to do so would violate the Due Process Clause's requirement that "maintenance of the suit…not offend 'traditional notions of fair play

and substantial justice.'" *Helicopteros*, 466 U.S. at 414 (1984) (quoting *International Shoe*, 326 U.S. at 316 (1945)).  This analysis requires a balancing of the burden on the defendant in having to defend itself in the forum state, the interests of the forum state in resolving controversies flowing from in-state events, and the plaintiff's interest in a convenient forum.  *Burger King*, 471 U.S. at 477.  Consideration of these factors demonstrates the inherent unfairness of hauling Intervet International into a District of Columbia court to participate in an action brought by Merial.

Intervet International does not maintain any corporate office in the United States.  (van Heumen Decl. at ¶ 2.)  The burden on Intervet International would be significant because its witnesses and documents are located outside the United States.  Moreover, Merial has also filed counterclaims against Intervet Inc., which is located in the United States and, as a manufacturer and seller, could provide any potentially relevant documents or witnesses in this action.  Thus, maintaining the action against Intervet International can serve no legitimate purpose for Merial.  Correspondingly, dismissing Intervet International from this action will not prejudice, burden, or harm Merial in any manner.

Finally, the District of Columbia has no interest in resolving this controversy with respect to Intervet International.  As stated above, Intervet International is organized and exists in The Netherlands, and it transacts no business in the District.  It does not engage in any of the activities required to prove patent infringement.  Thus, the balancing analysis required under *Burger King* weighs heavily against exercising personal jurisdiction over Intervet International.

## CONCLUSION

Merial has failed to meet its burden of proving personal jurisdiction over Intervet International.  Merial has not alleged a single fact that would support this Court exercising

14

personal jurisdiction over Intervet International.  Accordingly, this Court should dismiss the

third-party complaint against Intervet International for lack of personal jurisdiction.

Date: June 12, 2008                    Respectfully Submitted,

                                       /s/  Yariv Waks
                                       _____
                                       John R. Hutchins (DC Bar No. 456749)
                                       William G. James, II (DC Bar No. 503162)
                                       Yariv Waks (DC Bar No. 491729)
                                       KENYON & KENYON LLP
                                       1500 K Street, N.W.
                                       Washington, DC 20005-1257

                                       Richard L. DeLucia
                                       Michael D. Loughnane
                                       Patrice P. Jean, Ph.D. (DC Bar No. 482968)
                                       KENYON & KENYON LLP
                                       One Broadway
                                       New York, NY 10004

                                       *Counsel for Intervet International B.V.*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:07-cv-00559 (HHK) |
| MERIAL LIMITED and MERIAL SAS | |
| *Defendants*. | |
| MERIAL LIMITED and MERIAL SAS | |
| *Counterclaim Plaintiffs*, | |
| v. | |
| INTERVET INC., | |
| *Counterclaim Defendant*, | |
| MERIAL LIMITED and MERIAL SAS, | |
| *Third-Party Plaintiffs*, | |
| v. | |
| INTERVET INTERNATIONAL B.V., | |
| *Third-Party Defendant*. | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2008, I caused copies of the following documents to be served via email and ECF:

1.    *Third-Party Defendant Intervet International B.V.'s Motion to Dismiss for Lack of Personal Jurisdiction.*

2.      *Third-Party Defendant Intervet International B.V.'s Memorandum in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction.*

3.      The *Declaration of Christopher J. Nodes in Support of Third-Party Defendant Intervet International B.V.'s Memorandum in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction*, and the exhibit cited therein.

To the following attorneys of record:

> Judy Jarecki-Black, Ph.D.
> MERIAL LIMITED
> 3239 Satellite Blvd.
> Duluth, GA 30096-4640
> Tel: (678) 638-3805
> Fax: (678) 638-3350

> Thomas J. Kowalski, Esq.
> Steven Michael Amundson, Esq.
> Vicki Franks, Esq.
> FROMMER LAWRENCE & HAUG LLP
> 745 Fifth Avenue, NY NY 10151
> Tel: (212) 588-0800
> Fax: (212) 588-0500

> Timothy A. Ngau, Esq.
> Jill M. Williamson, Esq.
> ALSTON & BIRD LLP
> 950 F. Street, NW
> Washington, DC 20004
> Tel: (202) 756-3300
> Fax: (202) 756-3333

> Frank G. Smith III, Esq.
> Patrick J. Elsevier, Ph.D.
> Elizabeth K. Haynes, Esq.
> ALSTON & BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777


Peter Benson, Litigation Paralegal
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| I NTERVET INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>MERIAL LIMITED and MERIAL SAS<br><br>*Defendants.*<br><br>MERIAL LIMITED and MERIAL SAS<br><br>*Counterclaim Plaintiffs,*<br><br>v.<br><br>INTERVET INC.,<br><br>*Counterclaim Defendant,*<br><br>MERIAL LIMITED and MERIAL SAS,<br><br>*Third-Party Plaintiffs,*<br><br>v.<br><br>INTERVET INTERNATIONAL B.V.,<br><br>*Third-Party Defendant.* | Civil Action No. 1:07-cv-00559 (HHK) |

**DECLARATION OF CHRISTOPHER J. NODES IN SUPPORT OF
THIRD-PARTY DEFENDANT INTERVET INTERNATIONAL B.V.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

1.    I am an associate at the law firm of Kenyon & Kenyon LLP located at 1500 K Street, N.W., Suite 700, Washington, D.C. 20005. Kenyon & Kenyon is counsel for third-party defendant Intervet International B.V. in the above-captioned matter.

2.    I submit this declaration in support of *Third-Party Defendant Intervet*

1

*International B.V.'s Memorandum in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction*, filed concurrently herewith.

3.    Attached as Exhibit A is a true and correct copy of *Declaration of Marcus Josepha Maria van Heumen*, dated June 12, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2008

Christopher J. Nodes

# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERVET INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Case No. 1:07-CV-559 |
| | ) | |
| MERIAL LIMITED and MERIAL SAS | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| MERIAL LIMITED and MERIAL SAS | ) | |
| | ) | |
| *Counterclaim Plaintiffs,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERVET INC., | ) | |
| | ) | |
| *Counterclaim Defendant.,* | ) | |
| | ) | |
| MERIAL LIMITED and MERIAL SAS, | ) | |
| | ) | |
| *Third-Party Plaintiffs,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERVET INTERNATIONAL B.V., | ) | |
| | ) | |
| *Third-Party Defendant.* | ) | |

## **DECLARATION OF MARCUS JOSEPHA MARIA VAN HEUMEN**

Marcus Josepha Maria van Heumen, being first duly sworn, declares and

says:

1.    I am a resident of The Netherlands and the Executive Director

Legal Affairs of defendant Intervet International BV.  I make this declaration based on

my personal knowledge and investigation in support of Intervet International BV's motion to dismiss Merial Limited's and Merial SAS' Third Party Complaint for lack of personal jurisdiction.

2.      Intervet International BV is a corporation organized and existing under the laws of The Netherlands with its principal place of business in Boxmeer, The Netherlands.  Intervet International BV does not have any corporate office in the United States.

3.      Intervet International BV is in the business of manufacturing and selling veterinary products.  Intervet International BV does not manufacture, sell or distribute any product related to this lawsuit in the United States.

4.      Intervet International BV's operations are headed by a Board of Directors with six members, which have responsibility for overall management of the company.

5.      Intervet International BV is not licensed to do business in the District of Columbia or the United States, and does not sell products, transact or solicit any business in the District of Columbia.  Intervet International BV has no plants, offices, property, bank accounts, telephone listings, post office boxes, employees or agents in the District of Columbia or the United States.

6.      Intervet Inc. is a Delaware corporation, headquartered in Delaware. It is a wholly-owned, indirect subsidiary of Schering-Plough Corporation.

7.     Intervet International BV and Intervet Inc. are separate, distinct corporations which observe all formalities of separate corporations. Intervet Inc. has its own officers and duly elected Board of Directors. Intervet International BV and Intervet Inc. do not have any common officers or directors. Intervet International BV and Intervet Inc. maintain separate records, including, without limitation, by-laws, minutes, and financial and accounting books and records. Intervet International BV and Intervet Inc. have separate financial audits, maintain separate bank accounts, file their own tax returns, and have separate payrolls. Intervet International BV does not control the day-to-day operational decisions of Intervet Inc. Intervet International BV and Intervet Inc. enter into and perform their own contracts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 12, 2008

M J M van Heurnen

3

# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERVET INC., | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:07-cv-00559 (HHK) |
| MERIAL LIMITED and MERIAL SAS | |
| *Defendants*. | |
| MERIAL LIMITED and MERIAL SAS | |
| *Counterclaim Plaintiffs*, | |
| v. | |
| INTERVET INC., | |
| *Counterclaim Defendant*, | |
| MERIAL LIMITED and MERIAL SAS, | |
| *Third-Party Plaintiffs*, | |
| v. | |
| INTERVET INTERNATIONAL B.V., | |
| *Third-Party Defendant*. | |

## PROPOSED ORDER GRANTING INTERVET INTERNATIONAL B.V.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Third-Party Defendant Intervet International B.V. ("Intervet International"), a corporation of The Netherlands, has moved for an order granting dismissal of Merial Limited and Merial SAS's ("Merial") claims against it pursuant to Fed. R. Civ. P. 12(b)(2).

IT IS HEREBY ORDERED THAT:

Third-Party Defendant Intervet International's motion is GRANTED.


Dated: _____                    _____
                                        United States District Court Judge